IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No.   CR 06-736-PHX DGC |
| vs. | ) | |
| | ) | No.   CV 07-2585-PHX-DGC (BPV) |
| Reynaldo Moreno-Andrade, | ) | |
| | ) | |
| Defendant/Movant. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |

On December 19, 2007, Reynaldo Moreno-Andrade, ("Movant"), presently confined in the Federal Correctional Institution in Pecos, Texas, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. #215). The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order granting Movant's motion in part as to Grounds One and Two, vacate and reenter the Movant's Judgment, and appoint new counsel to represent Movant for the purposes of his direct appeal. In the alternative, the Magistrate Judge recommends that the District Court enter an order granting an evidentiary hearing as to Grounds One and Two of the Motion. The Magistrate Judge also recommends that the District Court enter an order dismissing Grounds Three and Four.

Ordinarily, a court must conduct a hearing on a motion unless it "and the files and the records of the case conclusively show that the petitioner is entitled to no relief...." 28 U.S.C. § 2255. The Motion, as well as the files and records, do conclusively establish that Movant is not entitled to relief as to the last two grounds of the motion. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). Hence, no

hearing is required to rule on the last two grounds of the present Motion. The necessity of a hearing as to Grounds One and Two is addressed below.

# I.    PROCEDURAL BACKGROUND

On August 27, 2007, Movant Reynaldo Moreno-Andrade plead guilty to Count 1 of the Second Superseding Indictment (Doc. #90), Conspiracy to Possess with the Intent to Distribute 5 Kilograms more of Cocaine, in violation of 21 U.S.C. § 846, 841(a)(1) and 841(b)(1)(A)(ii), in CR-06-0736-PHX-DGC.

The plea agreement set out that the maximum penalties punishable was a term of imprisonment of life and a maximum fine of $4,000,000.00, and a minimum term of imprisonment of 10 years, along with a term of supervised release of at least 5 years. (Doc. #208, p. 2).

The parties stipulated that the quantity of cocaine Moreno-Andrade possessed was at least 50 kilograms, but less than 150 kilograms, and that, therefore, the offense level of the guidelines should be determined based only as to the agreed upon amount. (Doc. #208, p. 2).

In the plea agreement, the parties stipulated to a reduction in the Adjusted Offense Level by three levels if Moreno-Andrade made a full and complete disclosure to the Probation Officer of the circumstances surrounding the offense and if Moreno-Andrade demonstrated acceptance of responsibility. (Doc. #208, p. 3). The parties also agreed to a two level reduction in the offense level computation for Movant's minor role participation in the offense. (*Id.*) Additionally, the Government agreed to recommend the "Safety Value" provision, subject to verification that Moreno-Andrade did not have more than one criminal history point.

The United States agreed to bring no further charges against Moreno-Andrade arising from information learned during the investigation, as well as dismiss Count 2. (Doc. #208, p. 4).

The plea agreement provided the following factual basis: "On or about July 23, 2006, I, Reynaldo Moreno-Andrade, delivered 50 kilograms of cocaine to co-defendant Lopez-Anaya at his residence located at 8329 W. Pierson Street, Phoenix, Arizona. Law Enforcement subsequently executed a search warrant at the residence of co-defendant Lopez-Anaya and seized an additional 87 kilograms of cocaine." (Doc. 208, p. 7).

On August 24, 2007, the Findings and Recommendations of Magistrate Judge Edward Voss were filed. (Doc. #179). District Court Judge David Campbell subsequently entered an order on October 25, 2007, accepting Moreno-Andrade's guilty plea, and ordering the Probation Department to prepare a Presentence report.

Defense counsel, Rafael Gallego, submitted sealed objections to the Pre-Sentence Investigation Report ("PSR"). (Doc. #202). Specifically, counsel argued for a minimal role reduction of an additional two points, based on Moreno-Andrade's participation in the offense. At sentencing, the Government informed the court that they did not receive a copy of the objections until that morning, and that was the reason why the Government did not file a response. (Reporter's Transcript, Sentencing Hearing, p. 6). The Government agreed, as stipulated in the plea agreement, that the case was a minor role case, but stated they did not believe it was a minimal role case. (*Id.*)

Moreno-Andrade was sentenced on November 19, 2007. The court found that because Moreno-Andrade did not have a criminal history, the court was not required to impose the minium sentence of 10 years. (Reporter's Transcript, Sentencing Hearing, pp. 14-15). The court found that because Moreno-Andrade had no criminal history, under the Sentencing Guidelines, the range of sentences was between 63 and 78 months. (*Id.*, at p. 15). The court sentenced him to a prison term of 63 months, and upon his release, supervised release for 3 years. (Doc. #207).

On December 19, 2007, Movant Moreno-Andrade filed the present "Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (28 U.S.C. § 2255)." (Doc. #215). He raises four grounds for relief: (1) Ineffective Counsel for

- 3 -

failure to follow his express instructions to file a Notice of Appeal because he received a harsher sentence than he thought he would; (2) counsel was ineffective for failure to file an appeal; (3) counsel was constitutionally ineffective by failing to argue for mitigation because he only had a minor role in the offense; and (4) counsel was ineffective by failing to object at sentencing. (Doc. #215).

On January 15, 2008, District Court Judge David Campbell ordered the United States Attorney to respond. (Doc. #224). The order also referred this matter to this Magistrate Judge for further proceedings and a report and recommendation. (*Id.*) The Government filed a Response in Opposition to Motion to Vacate, Set Aside or Correct Sentenced Pursuant to 28 U.S.C. § 2255 on March 24, 2008, with exhibits 1-4 attached. (Doc. #262).

**II.** **DISCUSSION**

a. Timeliness

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a one year period of limitations from the date on which the judgment of conviction becomes final has been imposed on the filing of motions for collateral relief by prisoners in federal custody. 28 U.S.C. § 2255. The Magistrate Judge finds that the Motion was timely filed.

b. Waiver

The Government asserts that the Court should deny the Motion because Movant knowingly, intelligently, and voluntarily waived his right to collaterally attack his sentences.

The right to petition for relief under 28 U.S.C. § 2255 is statutory. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993)(*citing See Abney v. United States*, 431 U.S. 651, 656 (1977) ("The right of appeal, as we presently know it in criminal cases, is purely a creature of statute....")). A knowing and voluntary waiver of statutory rights under 28 U.S.C. § 2255 is enforceable, *id.* (*citing United States v. Navarro-Botello*, 912

- 4 -

F.2d 318, 321 (9th Cir. 1990)), as long as the plea agreement expressly makes the waiver, *United States v. Nunez*, 223 F.3d 956, 959 (9th Cir. 2000); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

Generally, courts will enforce a defendant's waiver of his right to appeal if the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and 2) the waiver is knowingly and voluntarily made." *United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998) (citations and quotations omitted). Although waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement, a waiver is valid even if a defendant does not know the exact nature of what appellate issues might later arise at the time the defendant enters the waiver. *Navarro-Botello*, 912 F.2d at 321.

The plea agreement expressly waived Movant's right to collaterally attack the sentence (Doc. 208, p. 4). The plea agreement states that "Defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack." (*Id.*) The plea agreement further stated that Movant agreed that his attorney had fully advised him of the nature of the charges to which he was entering a plea, that the guilty plea was not the result of force, threats, assurances or promises, that his acceptance of the plea was voluntary, and that he agreed to it. (Doc. 208, p. 8). Movant also signed acknowledging that the agreement had been read to him in Spanish and that he carefully reviewed all of it with his attorney. (Doc. 208, p. 9). Additionally, at Movant's Change of Plea hearing, defense counsel told the court he was a fluent Spanish speaker and had gone over the plea agreement with Movant at length. (Reporter's Transcript, Change of Plea Hearing, pp. 5-6). The Court confirmed with Movant that his attorney had gone over the plea agreement in Spanish and asked

Movant if he had any difficulty understanding the translation and the discussions, to which Movant answered, "No, I understood them well." (*Id.*)  Movant acknowledged that he signed the plea agreement.  (Reporter's Transcript, Change of Plea Hearing, p. 9).

The Court informed Movant of the constitutional rights he would forfeit by pleading guilty. (Reporter's Transcript, Change of Plea Hearing, pp. 7-8). The court specifically directed Movant's attention to the waiver of appeal rights.  (*Id.* at 8) Movant said he understood those rights and was willing to give them up by pleading guilty.  (*Id.*)  The plea colloquy indicates Movant was aware of the waiver provision in the plea agreement.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.")

The Court concludes Movant was aware of the waiver provision in the plea agreement when he pleaded guilty. The plea agreement signed by Movant demonstrates that Movant entered a knowing, intelligent and voluntary waiver of his right to appeal or collaterally attack any matter pertaining to the judgment or sentence. The Magistrate Judge further finds that Movant knowingly, intelligently, and voluntarily waived his right to collaterally attack his sentence.  However, the nature of Movant's claims are such that his waiver does not require a dismissal because Movant purported to waive the right to raise the issues presented.

c.    Grounds One and Two

Movant argues that his counsel was ineffective when he failed to file a notice of appeal at his instruction because he had received a harsher sentence than he thought he would under the plea. This argument is not forfeited by the waiver provision in the plea agreement. *See Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005).

"The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel." *Luna v. Cambra*, 306 F.3d 954, 961 (9th Cir. 2002), *amended at*, 311 F.3d 928 (9th Cir. 2002). (Quoting *Strickland v. Washington*, 466 U.S. 668 (1984)).

- 6 -

To establish a violation of this right, the defendant must prove 'counsel's performance was deficient" and the "deficient performance prejudiced the defense." *Id.* To prove deficient performance, a defendant can rely on evidence that he sufficiently demonstrated his interest in an appeal. *See Sandoval-Lopez*, 409 F.3d at 1198. Prejudice exists if, but for the lawyer's refusal, a defendant would have appealed.

Under Movant's second claim, defense counsel would not be *per se* ineffective for failing to failing to file a notice of appeal without defendant's consent. *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000). However, if the allegations in Movant's first claim are found to be true, that Movant had directed defense counsel to file a notice of appeal, then his failure to do so would constitute ineffective assistance of counsel.

Section 2255 requires that district court hold an evidentiary hearing "[u]nless the motions and files and record of the case conclusively show that the prisoner is entitled to no relief.' 28 U.S.C. § 2255. An evidentiary hearing is usually required if the motion states a claim based on matters outside the record or events outside the courtroom. *United States v. Burrows*, 872 F.2d 915 (9th Cir. 1989) (*citations omitted*). The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. *Id.*

The government admits that it is still unclear in the 9th Circuit whether a defendant may raise an ineffective challenge despite his plea agreement waiver of his right to appeal or file habeas petitions. Movant alleges that he instructed defense counsel to file a notice of appeal because defense counsel had failed to provide Movant with the deal defense counsel had told him (Movant) he was to get, specifically that Movant would receive less time as a minor role participant. (Doc. #251, p. 4). While Movant did receive a stipulated two level reduction for minor role, he did not receive an additional reduction for minimal role. It is possible that Movant meant "minimal role" participant, as opposed to "minor role" participant. His *pro se* motion has other

spelling and grammar errors, as Movant's first language is not English. *Pro se* defendants are not held to same pleading standards as those assisted by counsel. *See Sanders v. U.S.*, 373 U.S. 1, 22 (1963) ("An applicant for such relief ought not to be held to the niceties of lawyers' pleadings....")

While defense counsel's affidavit did state, "I did not promise him that the court would sentence him to any specific sentence, and I did not promise him that the court would grant him a lesser sentence for "minor role."" (Doc. 256, Exhibit 4, p. 2), it did not have any mention of whether defense counsel had discussed with Movant the difference between the agreed upon "minor role" reduction and the additional, desired "minimal role" reduction, whether they discussed the issue of an appeal, or whether Movant had indeed asked defense counsel to file an appeal. While the parties stipulated in the plea agreement that Movant was entitled to a "minor role" reduction, defense counsel did argue on behalf of Movant, in both writing and orally, that Movant was entitled to a further reduction for a "minimal role." While this fact makes Movant fail on his claims in Ground Three of his Motion, as counsel did seek mitigation on behalf of Movant, it also lends credibility to Movant's assertion that he did not receive the sentence that he alleges that he was told by defense counsel he would receive, and that in light of that, he wished to file an appeal. In this respect, the allegations as viewed against the record are not palpably incredible.

In *Sandoval-Lopez*, the 9th Circuit discussed the "troubling" and essentially nonsensical result in allowing a defendant to appeal when their plea agreement specifically purports to waive the right to appeal, defendant had been specifically advised of his waiver of appeal rights, and had waived those rights in open court. Such is the case at bar. However, as stated by the court:

> This proposition may amount to saying "it is ineffective assistance of counsel to refuse to file a notice of appeal when your client tells you to, even if doing so would be contrary to the plea agreement and harmful to your client," but that is the law on filing a notice of appeal.

*Id.*

The government argues that Movant's claims on these counts should fail because his counsel was not ineffective, and because Movant purported to waive his right to appeal, and because Movant received a sentence far below the 10 year minimum, and because he also received a sentence that was within the guidelines. As stated in *Rodriguez v. United States*, 395 U.S. 32 (2003), the defendant does not need to demonstrate that his appeal was likely to have merit in order to be entitled to relief based on the fact that defense counsel failed to file an appeal at his direction. In *Roe v. Flores-Oretga*, 528 U.S. 470 (2000), the Supreme court noted that a defendant can rely on evidence that he sufficiently demonstrated to counsel his interest in an appeal, however, that evidence alone would be insufficient to establish that he would still have instructed his counsel to file an appeal, had he received reasonable advice about an appeal. *Id.* at 486.

However, the Court also noted: "[i]t is unfair to require an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed." *Id.*

In this case, while defense counsel may have reasonably believed there were no grounds for appeal, according to Movant, he "instructed" his attorney to file an appeal. No specific evidence in defense attorney's affidavit or anywhere else in the record rebuts this contention.

The court in *Sandoval-Lopez* explained that in cases such as this, "'ineffective assistance of counsel' is a term of art that does not mean incompetence of counsel." *Id.* at 1198-99. In other words, the defendant was "probably lucky to have a lawyer who exercised such wise judgment." *Id.* at 1197. For example, filing the notice of appeal will breach the plea agreement the defendant entered into with the Government and give the Government the option of freeing itself from the restraint of the plea bargain. *Id.*

- 9 -

at 1198. Movant may be very foolish to risk losing the advantage of his sentence of 63 months, the lowest possible sentence under the guidelines, on an appeal almost sure to go nowhere in light of his express waiver of his appellate rights under the plea agreement. "Nevertheless the client has the constitutional right, under *Flores-Ortega* and *Peguero*, to bet on the possibility of winning the appeal and then winning an acquittal, just as a poker player has the right to hold the ten and queen of hearts, discard three aces, and pray that when he draws three cards, he gets a royal flush." *Id.* at 1199.

In *Sandoval-Lopez*, the court suggested that when a defendant makes an allegation that counsel has been ineffective by failing to file a requested appeal, "two things can happen: 1) the district court can hold an evidentiary hearing to decide whether petitioner's allegation is true, and if it is, vacate and reenter the judgment, allowing the appeal to proceed; or 2) if the state does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." *Id.* at 1198. The government might choose to not object to free itself from the restraint of the agreement or because getting the appeal dismissed based on Defendant's waiver of this right would be less work than an evidentiary hearing. *Id.*

This Court recommends that the most expeditious course of action would be to allow the Movant to proceed with his appeal. This Court notes, however, that Movant is *pro se* and filed this Motion wherein he stated his intent to file an appeal, without advice of counsel. Given the possible extreme consequence that the Government may seek to withdraw from the negotiated plea agreement if Movant files a Notice of Appeal, this Court recommends giving him one last chance to reconsider this intended course of action.

"Assuming without deciding that the Petitioner's claim is true," *id.*, the Magistrate Judge recommends that the District Judge, after its independent review of the record, vacate and reenter the Judgment of Conviction, allowing Movant an

opportunity to file an appeal and appoint counsel for purposes of proceeding with his appeal. In the alternative, the Magistrate Judge recommends that the District Judge enter an order granting an evidentiary hearing as to Grounds One and Two.

d. <u>Ground Three</u>

Movant alleges that defense counsel was constitutionally ineffective for failing to seek a mitigating role of defendant in the offense.

Movant again contends that defense counsel promised him a downward departure for minor role participation. In the plea agreement, the parties did stipulate that Movant would receive a two point departure for minor role participation. At the Change of Plea hearing the judge went through a series of questions to establish that Movant understood the guidelines, and that they were only advisory.

Additionally, the judge asked Movant:

> ...do you understand that whatever he [defense counsel] told you, that that is just his estimate of what the sentence will be in the case; it is not a promise in any way and it does not bind the Court in any fashion. Do you understand that?

Defendant:    Yes

(Reporter's Transcript, Change of Plea Hearing, p. 11)

Contrary to Movant's assertions, at sentencing, defense counsel did argue for both the stipulated minor role reduction, and also argued for a minimal role reduction as opposed to a minor role reduction. Counsel argued that Movant was entitled to a minimal role reduction because his only involvement in the case was the actual delivery of the drugs.

Movant's claim that counsel was ineffective for not getting him a minor role reduction fails because counsel did secure a minor role reduction for Movant, which was stipulated in the plea agreement. Assuming, *arguendo*, that Movant meant "minimal role" reduction, Movant also fails on this as counsel did in fact argue, in both writing and orally, for a minimal role reduction and it was rejected by the judge. In his

affidavit, defense counsel states he did not promise Movant he would receive a particular sentence. Whether Movant believed that counsel had promised him a different sentence is not the standard for which to prove that counsel was constitutionally ineffective under the Sixth Amendment. If Movant is arguing that counsel had promised him a downward departure and that is the sole reason he entered into the plea agreement, perhaps it could be found that counsel was constitutionally ineffective. However, that contention is not supported by Movant's own statements in his Motion or in the record.

Movant signed a plea agreement which stipulated to a reduction for minor role participation, yet was advised that he was not entitled to any specific sentencing guidelines. In open court, Movant acknowledged he was not guaranteed any particular sentence. Defense counsel did argue for a minimal role reduction, which was denied and Movant was sentenced in accordance with the plea agreement, with Movant receiving a two point departure for minor role.

Therefore, the record does not support Movant's contention that he is entitled to relief as counsel's performance, as viewed by the record, did not prejudice Movant in any way.

    e.    <u>Ground Four</u>

Movant alleges that defense counsel was ineffective for failing to challenge the factual allegations used to arrive at the sentence. He also alleges that defense counsel failed to review the presentence report with defendant. Movant fails on this claim as defense counsel stated on the record during sentencing that he had discussed the presentence report with defendant. (Reporter's Transcript, Sentencing Hearing, p. 4). Defense counsel also states in his affidavit that he reviewed the presentence report with Movant. (Exhibit 4, p. 2). Movant claims that he was not privy to the facts that the probation officer relied on in calculating the recommended sentence. However, the record clearly supports that Movant is not entitled to relief on these grounds.

Defense counsel's affidavit states that he spent a good deal of time reviewing the disclosure with Movant, and that Movant never intended to go to trial but simply wanted the best deal possible. (Exhibit 4, pp. 1-2). Movant acknowledged at the change of plea the factual basis for the plea, and signed a plea agreement that acknowledged that the government would be able to prove the amount of at least 50 kilograms of cocaine.

At the Change of Plea hearing, the court went through the facts, and asked Movant if he understood the facts, and if they were true and Movant answered, "yes." (Reporter's Transcript, Change of Plea Hearing, pp. 13-14) Additionally, defense counsel did argue for a downward departure based on minimal role reduction which was denied by the judge. Therefore, Movant's claim that he would have gotten less time but for counsel's deficiencies, is simply not supported by the record.

## III.  RECOMMENDATION

After careful consideration of the Motion to Vacate, Set Aside, or Correct Sentence and all papers filed in this action, the Magistrate Judge recommends that the District Court enter an order partially granting Movant's motion, vacate and reenter the Movant's Judgment, and appoint new counsel to represent Movant for the purposes of his direct appeal.

In the alternative, the Magistrate Judge recommends that the District Court enter an order granting an evidentiary hearing as to Grounds One and Two of the Motion.

The Magistrate Judge also recommends that the District Court enter an order denying Movant's Motion as to Grounds Three and Four.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

If objections are filed, the parties should use the following case numbers: **CV 07-2585-PHX-DGC and CR 06-736-PHX-DGC.**

DATED this 28th day of July, 2009.

_____
Bernardo P. Velasco
United States Magistrate Judge